Argued and submitted June 10, reversed;
referee's order reinstated October 13, 1982

In the Matter of the Compensation of
Ray Futrell, Claimant.

FUTRELL,
*Petitioner,*

*v.*

UNITED AIRLINES et al,
*Respondents.*

(WCB Nos. 80-02723, and 80-02724, CA A23442)

651 P2d 1353

Robert K. Udziela, Portland, argued the cause for appellant. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

James Emerson, Portland, argued the cause for respondents. With him on the brief was Tooze, Kerr, Marshall & Shenker, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal by claimant from an order of the Workers' Compensation Board that modified the order of the referee by reducing claimant's award for unscheduled permanent partial disability from 60 percent to 30 percent.

Claimant assigns as error the Board's action in reducing the referee's award. He argues, *inter alia,* that (1) regulations used by the Board (OAR 436-65-600, *et seq)* came into effect on April 1, 1980, as Workers' Compensation Department Administrative Order 4-1980 and are not applicable to claimant's injury of September 19, 1976; and (2) even if the court finds that the Board was entitled to consider the regulations in evaluating claimant's disability, it is impossible to determine if the regulations were correctly applied to claimant. The challenged regulations are apparently referred to generally as the "green book" rules. *See Fraijo v. Fred N. Bay News Co.,* 59 Or App 260, 650 P2d 1019 (1982).

■ ■ Unscheduled permanent partial disability is assessed on the basis of loss of earning capacity. *Surratt v. Gunderson Bros.,* 259 Or 65, 485 P2d 410 (1971). As to claimant's first point, we conclude that ORS 656.202(2)[1] does not preclude the Board from applying the 1980 guidelines to evaluate a 1976 injury. Although ORS 656.202(2) fixes the date of the injury as the time when the right to compensation is determined, we see no legal obstacle to using 1980 guidelines in evaluating an earlier injury. Use of the guidelines contained in OAR 436-65-600 *et seq* does not "impair existing rights, create new obligations or impose additional duties with respect to past transactions." *Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 539 n 7, 577 P2d 477, *cert den* 439 US 1051 (1978).

■ As to claimant's second point, we conclude that there is merit in his objection to the Board's order. On *de novo* review we conclude that the Board's use of a figure of

---

[1] ORS 656.202(2) provides:

"Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred."

"minus 25" for "available work" is contrary to the evidence. OAR 436-65-600(3)(e) assigns that value in cases where there is an "immediate and continuing demand for the worker's services." It reduces the extent of a claimant's permanent partial disability.

From a realistic view, claimant could hardly be classed as a worker who is faced with "continuing demand" for his services. He can no longer perform services as an airplane mechanic. His former employer has refused to rehire him even for light duty. He has tried and has been unable to find employment elsewhere. His temporary operation of a small bookstore does not demonstrate, contrary to the Board's finding, an ability to work in the management or sales departments of the airline industry. There was no evidence presented that would indicate that claimant either had training for or adaptability to that work. On the record it does not appear that the labor market finding should have been a minus 25. OAR 436-65-608(3)(a). We need not determine the correct finding.

As we indicated in *Fraijo v. Fred N. Bay News Co.,* *supra,* 59 Or App at 260 (slip opinion at 10), we will make use of the "green book" rules "only when the record discloses the manner in which the Board used them, and then only to the extent their intrinsic persuasiveness assists us in the performance of our independent assessment function." Given the Board's erroneous labor market finding, we will not use the value here.[2] On *de novo* review we conclude that the referee's award should be reinstated, namely, that claimant's award for unscheduled permanent partial disability should be increased from 30 percent to 60 percent.

Reversed; referee's order reinstated.

---

[2] *Fraijo* is not to be taken as suggesting that the rules, even if properly applied by their terms, are binding on our *de novo* review.